JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

LINDA D. CRANE

*E-FILING*

*ADR*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

San Francisco

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Consumer Law Center, Inc., 12 South First Street, Suite 1014
San Jose, CA 95113-2418   (408) 294-6100

**DEFENDANTS**

PATENAUDE & FELIX, A PROFESSIONAL CORPORATION,
and RAYMOND ALCIDE PATENAUDE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

**C08   03533   BZ**

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                                  AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☑ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Unlawful debt collection practices).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $_____ ☐CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                          JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE

7-23-08

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

*Leelard*

1 | Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2 | 12 South First Street, Suite 1014
San Jose, California 95113-2418
3 | Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4 | Email Address: fred.schwinn@sjconsumerlaw.com

5 | Attorney for Plaintiff
LINDA D. CRANE

6

7

**FILED**

2008 JUL 23  P 2: 38

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF C.A. S.J.

**ADR**

8 | **IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9 | **SAN FRANCISCO DIVISION**

10 | LINDA D. CRANE,                                    Case No.

11 |                                    Plaintiff,    **C 08 03533**

12 | v.                                              **COMPLAINT**

13 | PATENAUDE & FELIX, A                            **DEMAND FOR JURY TRIAL  BZ**
PROFESSIONAL CORPORATION, a
14 | California corporation, and RAYMOND              15 United States Code § 1692 *et seq.*
ALCIDE PATENAUDE, individually and in            California Civil Code § 1788 *et seq.*
15 | his official capacity,

16 |                                    Defendants.

17

18 | Plaintiff, LINDA D. CRANE (hereinafter "Plaintiff"), based on information and

19 | belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff

20 | or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

21 | **I. INTRODUCTION**

22 | 1.      This is an action for statutory damages, attorney fees and costs brought by an

23 | individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24 | § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

25 | California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26 | engaging in abusive, deceptive and unfair practices.

27 | 2.      According to 15 U.S.C. § 1692:

28 | a.      There is abundant evidence of the use of abusive, deceptive, and unfair debt

-1-
COMPLAINT

1          collection practices by many debt collectors. Abusive debt collection practices

2          contribute to the number of personal bankruptcies, to marital instability, to the loss

3          of jobs, and to invasions of individual privacy.

4     b.   Existing laws and procedures for redressing these injuries are inadequate to protect

5          consumers.

6     c.   Means other than misrepresentation or other abusive debt collection practices are

7          available for the effective collection of debts.

8     d.   Abusive debt collection practices are carried on to a substantial extent in interstate

9          commerce and through means and instrumentalities of such commerce. Even where

10          abusive debt collection practices are purely intrastate in character, they nevertheless

11          directly affect interstate commerce.

12     e.   It is the purpose of this title to eliminate abusive debt collection practices by debt

13          collectors, to insure that those debt collectors who refrain from using abusive debt

14          collection practices are not competitively disadvantaged, and to promote consistent

15          State action to protect consumers against debt collection abuses.

16                                    **II. JURISDICTION**

17          3.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

18   1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

19   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

20          4.     This action arises out of Defendants' violations of the Fair Debt Collection

21   Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

22                                     **III. VENUE**

23          5.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

24   that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

25   district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

26   Defendant transacts business in this judicial district and the violations of the FDCPA complained

27   of occurred in this judicial district.

28   / / /

                                          -2-
                                       COMPLAINT

1

## IV. INTRADISTRICT ASSIGNMENT

2          6.       This lawsuit should be assigned to the San Francisco Division of this Court

3    because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San

4    Francisco County.

5

## V. PARTIES

6          7.       Plaintiff, LINDA D. CRANE (hereinafter "Plaintiff"), is a natural person

7    residing in San Francisco County, California. Plaintiff is a "consumer" within the meaning of 15

8    U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9          8.       Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION,

10   (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this

11   state with its principal place of business located at:  4545 Murphy Canyon Road, 3rd Floor, San

12   Diego, California 92123-4363.  P&F may be served as follows:  Patenaude & Felix, APC, c/o

13   Raymond Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, 3rd Floor, San

14   Diego, California 92123-4363.  The principal business of P&F is the collection of debts using the

15   mails and telephone, and P&F regularly attempts to collect debts alleged to be due another.  P&F

16   is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

17         9.       Defendant,     RAYMOND      ALCIDE     PATENAUDE,      (hereinafter

18   "PATENAUDE"), is a natural person and licensed attorney in the state of California. PATENAUDE

19   may be served at his current business address at:  Raymond Alcide Patenaude, Patenaude & Felix,

20   APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363.  PATENAUDE

21   is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22         10.      At all times herein mentioned, each of the Defendants was an officer, director,

23   agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all

24   said times, each Defendant was acting in the full course and scope of said office, directorship,

25   agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without

26   further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

27

## VI. FACTUAL ALLEGATIONS

28         11.      On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

-3-
COMPLAINT

1   a financial obligation, namely a consumer credit card account issued by Target National Bank and

2   bearing the account number XXXX-XXXX-XXXX-9159 (hereinafter "the alleged debt"). The

3   alleged debt was incurred primarily for personal, family or household purposes and is therefore a

4   "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined

5   by Cal. Civil Code § 1788.2(f).

6          12.   Sometime thereafter on a date unknown to Plaintiff, the alleged debt was

7   consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

8          13.   Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

9   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10         14.   The collection letter (Exhibit "1") is dated July 24, 2007.

11         15.   The collection letter (Exhibit "1") was the first written communication from

12   Defendants to Plaintiff in connection with the collection of the debt allegedly owed to Target

13   National Bank.

14         16.   The collection letter (Exhibit "1") was sent in an envelope on which a postage

15   meter stamp dated July 30, 2007, was imprinted.

16         17.   Plaintiff is informed and believes, and thereon alleges that Defendants

17   deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or

18   about July 30, 2007.

19         18.   The collection letter (Exhibit "1") states:

20       Unless you notify us within THIRTY (30) days after receiving this notice that you
         dispute the validity of this debt or any portion thereof, this office will assume this
21       debt is valid. If you notify this office within THIRTY (30) days from receiving this
         notice, this office will: obtain verification of the debt or obtain a copy of a judgment
22       and mail you a copy of such judgment or verification. If you request this office
         within THIRTY (30) days after receiving this notice, this office will provide you
23       with the name and address of the original creditor, if different from the current
         creditor.
24

25         19.   The collection letter dated July 24, 2007 (Exhibit "1") bears a signature which

26   purports to be that of Defendant, PATENAUDE.

27         20.   The collection letter dated July 24, 2007 (Exhibit "1") represented or implied

28   that Plaintiff's account had been reviewed by PATENAUDE.

-4-
COMPLAINT

1                21.     Plaintiff is informed and believes, and thereon alleges that PATENAUDE did

2 not conduct a professional review of Plaintiff's account before sending the collection letter dated

3 July 24, 2007 (Exhibit "1") to Plaintiff. See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and

4 *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

5                22.     Plaintiff is informed and believes, and thereon alleges that the collection letter

6 dated July 24, 2007 (Exhibit "1") misrepresented the role and involvement of legal counsel.

7                23.     Plaintiff is informed and believes, and thereon alleges that the collection letter

8 dated July 24, 2007 (Exhibit "1") misrepresented the true source or nature of the communication

9 thereby making false statements in an attempt to collect a debt.

10                                   **VII. CLAIMS**

11                   **FAIR DEBT COLLECTION PRACTICES ACT**

12                24.     Plaintiff brings the first claim for relief against Defendants under the Federal

13 Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

14                25.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

15 through 23 above.

16                26.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

17 1692a(3).

18                27.     Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA,

19 15 U.S.C. § 1692a(6).

20                28.     Defendant, PATENAUDE, is a "debt collector" as that term is defined by the

21 FDCPA, 15 U.S.C. § 1692a(6).

22                29.     The financial obligation allegedly owed to Target National Bank by Plaintiff

23 is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

24                30.     The collection letter (Exhibit "1") described above violates the FDCPA. The

25 violations include, but are not limited to, the following:

26                      a.     Defendants falsely represented or implied that attorney

27                          PATENAUDE had reviewed Plaintiff's account when PATENAUDE

28                          had not done so, in violation of 15 U.S.C. §§ 1692e(3) and

1692e(10);

b.  Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

c.  Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

d.  Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

e.  Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

f.  Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

g.  Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

31.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32.  As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

/ / /

-6-
COMPLAINT

1 **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

2          33.     Plaintiff brings the second claim for relief against Defendant, P&F, only under

3     the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-

4     1788.33.

5          34.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

6     32 above.

7          35.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

8     § 1788.2(h).

9          36.     Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA,

10    Cal. Civil Code § 1788.2(c).

11         37.     The financial obligation allegedly owed to Target National Bank by Plaintiff

12    is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

13         38.     The collection letter (Exhibit "1") described above violates the RFDCPA.

14    The violations include, but are not limited to, the following:

15                 a.      Defendants   falsely   represented   or   implied   that   attorney

16                         PATENAUDE had reviewed Plaintiff's account when PATENAUDE

17                         had not done so, in violation of 15 U.S.C. §§ 1692e(3) and

18                         1692e(10), as incorporated by Cal. Civil Code § 1788.17;

19                 b.      Defendants falsely represented the role and involvement of legal

20                         counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as

21                         incorporated by Cal. Civil Code § 1788.17;

22                 c.      Defendants misrepresented the true source or nature of the collection

23                         communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and

24                         1692e(10), as incorporated by Cal. Civil Code § 1788.17;

25                 d.      Defendants misrepresented Plaintiff's right to obtain a copy of the

26                         debt verification or judgment against her, in violation of 15 U.S.C. §§

27                         1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

28                 e.      Defendants misrepresented Plaintiff's right to obtain the name and

-7-
COMPLAINT

1                       address of the original creditor, if it is different than the current

2                       creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as

3                       incorporated by Cal. Civil Code § 1788.17;

4            f.     Defendants failed to send Plaintiff a written notice containing a

5                       statement that if Plaintiff notifies Defendants *in writing* within the

6                       thirty-day period that the debt, or any portion thereof, is disputed,

7                       Defendants would obtain verification of the debt and that a copy of

8                       the verification would be mailed to Plaintiff, in violation of 15 U.S.C.

9                       § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and

10           g.     Defendants failed to send Plaintiff a written notice containing a

11                       statement that upon Plaintiff's *written* request, Defendants would

12                       provide Plaintiff with the name and address of the original creditor,

13                       if different from the current creditor, in violation of 15 U.S.C. §

14                       1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

15        39.     Defendant's acts as described above were done willfully and knowingly with

16 the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

17 1788.30(b).

18        40.     As a result of Defendant's willful and knowing violations of the RFDCPA,

19 Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

20 ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

21        41.     As a result of the Defendant's violations of the RFDCPA, Plaintiff is entitled

22 to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal.

23 Civil Code §1788.17.

24        42.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

25 an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

26 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

27        43.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

28 RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

1  that Plaintiff may have under any other provision of law.

2  ## VIII. REQUEST FOR RELIEF

3  Plaintiff requests that this Court:

4  a.  Assume jurisdiction in this proceeding;

5  b.  Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the

6      Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10),

7      1692g(a)(4) and 1692g(a)(5);

8  c.  Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the

9      Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

10  d.  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

11      15 U.S.C. § 1692k(a)(2)(A);

12  e.  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

13      $1,000 pursuant to Cal. Civil Code § 1788.30(b);

14  f.  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

15      15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

16  g.  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

17      U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

18  h.  Award Plaintiff such other and further relief as may be just and proper.

19

20                          CONSUMER LAW CENTER, INC.

21

22                          By: /s/ Fred W. Schwinn
                                Fred W. Schwinn, Esq.
23                              Attorney for Plaintiff
                                LINDA D. CRANE

24

25

26

27

28
                              -9-
                            COMPLAINT

1          **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3    named parties, there is no such interest to report.

4                                           /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
5

6

7                              **DEMAND FOR JURY TRIAL**

8          PLEASE TAKE NOTICE that Plaintiff, LINDA D. CRANE, hereby demands a trial by jury

9    of all triable issues of fact in the above-captioned case.

10                                          /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -10-
                                     COMPLAINT

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

[X] 4545 MURPHY CANYON RD., 3RD FL
SAN DIEGO, CALIFORNIA 92123
TEL (858) 244-7600 (800) 832-7675
FAX (858) 836-0318

| | 213 EAST MAIN STREET
CARNEGIE, PENNSYLVANIA 15106
TEL (412) 429-7675 (866)772-7675
FAX (412) 429-7679

| | 1771 EAST FLAMINGO RD., STE. 112A
LAS VEGAS, NEVADA 89119
TEL (702) 952-2032 (800) 867-3092
FAX (702) 992-6286

July 24, 2007

Linda D Crane
1130 Larkin St Apt 45
San Francisco CA 94109-5786

RE: TARGET NATIONAL BANK
    Account Number:        4352375032879159
    Our File Number:       07-3165
    Balance Due:           $3,396.37

Dear Linda D Crane:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further collection action, please contact us at (858)-244-7600 or out of the (858) area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

LAW OFFICE OF PATENAUDE & FELIX

RAYMOND A. PATENAUDE, ESQ.

**EXHIBIT**
**1**

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

PF_03 Ltr Initial Demand                    P&F File No. 07-3165

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP o www.ftc.gov.

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

4545 MURPHY CANYON ROAD, THIRD FLOOR
SAN DIEGO, CA 92123

**RETURN SERVICE REQUESTED**

July 24, 2007

Linda D Crane
1130 Larkin St Apt 45
San Francisco CA 94109-5786

**PERSONAL AND CONFIDENTIAL**

FGELL11 94109

**PRESORTED
FIRST CLASS**



Hasler

012H6205289

$00.373

Mailed From 92123
07/30/2007
**US POSTAGE**